LAW OFFICES OF
## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON
ANDREA M. ARRIGO
MICHAEL F. DIBENEDETTO
LINO J. DE MASI
DAVID M. SCHWARTZ

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE (212) 486-0011
FACSIMILE (212) 750-8297
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL (718) 238-9898
FAX (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH
SIGURD SORENSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

February 17, 2023

**By ECF**

The Honorable Magistrate Leda Dunn Wettre
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

Re:  United States v. Charles Stango (Application for Reconsideration of Bail)
     Criminal Docket No. 22-769 (CCC)

Dear Judge Wettre:

We represent Defendant Charles Stango in the above-captioned case. Pursuant to 18 U.S.C. §3145(b), we write for reconsideration of this Court's December 8, 2022, detention order. As the Court may recall, a joint application between the government and the defendant proposed that the defendant be released on a Fifty Thousand ($50,000.00) Dollar personal recognizance bond in addition to conditions deemed appropriate. Your Honor determined that Mr. Stango was then ineligible for bail, as he was being held on a separate federal sentence set to expire on January 31, 2023.

We respectfully submit this letter to again request that the Court release Mr. Stango from pre-trial detention on a Fifty Thousand ($50,000.00) Dollar personal recognizance bond. We submit that this financial package, coupled with travel restrictions, electronic monitoring, and regular reporting requirements, will provide the necessary assurances that Mr. Stango will not flee, nor present a danger to the community.

On December 8, 2022, Mr. Stango was arrested on an Indictment which charges Mr. Stango with Filing and Attempting to File a False Lien against a Federal Officer. After considering the evidence that they presented to the Grand Jury, Mr. Stango's risk of flight and dangerousness, the government did not seek detention. Instead, they, along with the defendant, sought the defendant's release on a personal recognizance bond, along with electronic monitoring and consistent with the conditions under which Mr. Stango had been previously released by the Bureau of Prisons ("BOP"), under a sentence he was currently serving. The Court, during Mr. Stango's arraignment, found that Mr. Stango was "presently ineligible for bail," as "he is being held on a separate charge through at least the end of January 2023." (ECF #

6)[1]. The court instructed the defendant that the bail application was being denied "without prejudice," and that counsel may come back before the court when the pending sentence terminated. It has, and the defendant is now re-instating the request for reasonable bail.

For the reasons that follow, we respectfully submit that Mr. Stango should be released on a $50,000.00 personal recognizance bond with electronic monitoring and other conditions deemed necessary by the Court. We understand that the Government and Pre-Trial Services will join in such a request for the stated bond in addition to other attendant conditions.

**Background and Circumstances**

On March 11, 2015, Mr. Stango was charged under Crim. No. 16-554 with, among other counts, the use of a wire communication with the intent to commit murder. On December 7, 2016, Mr. Stango pled guilty to a one count criminal information charging him with the above-mentioned offense and on March 28, 2017, Mr. Stango was sentenced to a period of 120 months incarceration to be followed by 3 years of Supervised Release.

On or about December 13, 2017, in connection with a Motion to Withdraw his Plea that would be filed months later, Mr. Stango filed, or attempted to file, a civil complaint, wherein he argued that the Assistant United States Attorney who prosecuted his case, and the Federal Defender who represented him, colluded in a manner to persuade Mr. Stango to accept an unfavorable plea. In between January and May of 2018, Mr. Stango filed several documents and motions on his criminal docket, in an attempt to withdraw his previously entered plea. Around the same time, in conjunction with the previously mentioned civil complaint, it is alleged that Mr. Stango filed an executed document granting him Power of Attorney for the Assistant United States Attorney, as well as a lien document to his benefit against the Assistant United States Attorney.

On August 16, 2018, Mr. Stango's motion to withdraw his plea was denied. Then, after civil proceedings were commenced, the Department of Justice ("DOJ") became aware of the proceeding, as well as the purported lien that had been filed. In a letter to the Civil District Court, the DOJ indicated that they had received a letter from Mr. Stango on September 27, 2018, in which he expressed a desire to dismiss his previously filed complaint, and that they expected that Mr. Stango would be signing an order of dismissal. Then, on October 19, 2018, a letter was filed with the District Court indicating that Mr. Stango had executed an order of dismissal. The case was thereafter dismissed and sealed, and nothing related to this matter occurred for over 4 years, as Mr. Stango served out the remainder of his sentence in a medium security facility in Georgia.

In May 2022, Mr. Stango was released from BOP custody early to reside at The Kintock Group, a halfway house located in Newark, New Jersey. Then, in August 2022, Mr. Stango was permitted to leave the halfway house and return to his home, located at 105 Horizon Drive, Edison, New Jersey, while under the supervision of Supervised Release, home confinement and

---

[1] The transcript from the December 8, 2022 arraignment and bail hearing before Magistrate Judge Wettre is attached hereto as **Exhibit A**

electronic monitoring. He lived there with his girlfriend of fifty years, Rosemary Pallario, without incident, and in full compliance with the terms of his supervised release. Then, due solely to the current charges, which alleges conduct which occurred nearly five (5) years ago, he was ordered to return to the halfway house where he was arrested as to the instant matter.

Mr. Stango's violation of supervised release and sentence on Crim. No. 16-554 expired on January 31, 2023, and his only remaining detainer is the detention order issued by this Court. We are now asking this Court to impose reasonable bail, consistent with the bail conditions proposed by the government.

## Conclusion

For the reasons stated herein, we respectfully submit that Mr. Stango be released from pre-trial detention on a $50,000.00 personal recognizance bond as well as electronic monitoring and any other conditions deemed appropriate and necessary by Your Honor. Such a request aligns with the conditions proposed initially by the government during Mr. Stango's arraignment and those now agreed to and to be set forth by Pre-Trial Services.

By: *John Esposito*
John Esposito
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Charles Stango*
546 5th Avenue, 6th Floor
New York, New York 10036

cc.   Linwood C. Wright, DOJ
      l.c.wright@usdoj.gov
      Todd Jones, Pre-trial Services